## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR )
ENVIRONMENTAL RESPONSIBILITY, )
962 Wayne Ave, Suite 610 )
Silver Spring, MD 20910 )     Civil Action No. 16-2112
)
    Plaintiff, )
)     **COMPLAINT**
    v. )
)
UNITED STATES ENVIRONMENTAL )
PROTECTION AGENCY )
1200 Pennsylvania Avenue, NW )
Washington, D.C. 20460 )
)
    Defendant. )

_____

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff")

   brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et*

   *seq.*, as amended, to compel the Environmental Protection Agency ("EPA") to disclose

   records wrongfully withheld in failing to respond within the statutory deadline to

   Plaintiff's FOIA request.

2. PEER is a non-profit organization dedicated to research and public education

   concerning the activities and operations of federal, state, and local governments.

3. On September 6, 2016, PEER sent EPA a FOIA request seeking records related to the

   2016 EPA Draft Protective Action Guide for Drinking Water after a Radiological

   Incident ("Draft PAG").  The Draft PAG proposed changes to standards for

   determining when water would be considered safe to drink again following a nuclear

disaster, but omitted the actual concentrations of over 100 radionuclide contaminants that would be allowed in the water.  Plaintiff has reason to believe that the undisclosed concentrations far exceed what is known to be safe.

4.  The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

5.  The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).   Agencies may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days.  5 U.S.C. § 552(a)(6)(B)(i).

6.  To date, Defendant has failed to reach a determination upon – and has failed to produce any records in response to – Plaintiff's September 6, 2016 FOIA request, No. EPA-HQ-2016-009994.

7.  Defendant's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request.  EPA is frustrating Plaintiff's efforts to educate the public about EPA's proposed concentrations for radionuclides in the event of a nuclear disaster.

8.  Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

**JURISDICTION AND VENUE**

9.   This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

10.  This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

11.  This Court is a proper venue because Defendant is a government agent that resides in the District of Columbia.  *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agent, a civil action may be brought in the district where the defendant resides).  Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases in the District of Columbia).

12.  This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

**PARTIES**

13.  Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

14.  Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues.  PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.  PEER educates and informs the public through news releases to

the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

15. Defendant, EPA, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

16. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA.  Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

17. On June 10, 2016, EPA posted its proposed Draft Protective Action Guide for Drinking Water after a Radiological Incident ("Draft PAG") for public comment.

18. The Draft PAG proposed changes to concentrations of 110 different radionuclides that would be considered safe levels to contain in drinking water following a nuclear disaster or release, requiring no actions to protect the public.

19. The Draft PAG included a table of concentrations (called "derived response levels," or "DRLs") for only three of the 110 radionuclides, however: cesium-137, strongium-90/yttrium-90, and iodine-131.

20. The actual proposed concentrations of the 107 remaining radionuclides were not mentioned anywhere within the document.

21.  All three of the concentrations included in the table far exceed current limits set under the Safe Drinking Water Act.  For example, the proposed concentration of iodine-131 would be more than three thousand times as high as is currently allowed.

22. PEER was particularly interested in obtaining information about the undisclosed concentrations because the public comment period had closed on July 25, 2016, meaning that the public lacked an opportunity to comment on them.

23. Thus, on September 6, 2016, PEER requested records relating to DRL concentrations

that had not been disclosed in the Draft PAG. Specifically, PEER requested:

   a.  *All documents containing DRLs, for both the decay and no-decay assumptions for
       radionuclides covered or affected by this proposed PAG but not disclosed in the drinking
       water PAG issued for public comment;*

   b.  *All documents comparing numerical DRL concentrations associated with this proposed
       PAG, for the decay and/or no-decay assumptions, to concentrations from the Safe
       Drinking Water Act MCLs and/or with concentrations associated with a $1x10^4$ lifetime
       risk; and*

   c.  *The decision documents reflecting the rationale for not including the information described
       in Items 1 and 2 above in the draft drinking water PAG issued for public comment or
       otherwise providing the public access to that information during the comment period so as
       to inform public comment about the impacts of this proposed PAG.*

24. In an email to Plaintiff dated September 20, 2016 with the subject line "Estimated

Timeline for EPA Response to Your FOIA," EPA stated that it would be able to

respond to the request "within 45 days of this notice." EPA's basis for this delay was the

"intra-agency coordination required for our search," though did not explain what was

meant by this, or why this should excuse FOIA deadlines.

25. This message further did not communicate the scope of the documents EPA intended to

produce or withhold, provide the reasons for any planned withholdings, or inform

Plaintiff of the right to appeal those portions of the determination that were adverse.

26. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date

of receipt of the initial FOIA request to make a determination, or to assert the need for

an extension pursuant to § 552(a)(6)(B) (allowing extensions of up to ten working days

in specified "unusual circumstances" to search for, collect, and examine the requested

records).  *See also* 40 C.F.R. § 2.104. We interpret the September 20, 2016 email as a

request for an additional ten working days.

27. Twenty working days from September 6, 2016 (the date of Plaintiff's request) was October 4, 2016.  Thirty working days from September 6, 2016 was October 19, 2016.

28. As of this October 24, 2016 filing, Plaintiff has not received a single document responsive to its September 6, 2016 FOIA request, including those that may not require intra-agency coordination, nor any word from Defendant since Defendant's September 20, 2016 correspondence.

29. EPA may approve or finalize the Draft PAGs at any point. Our request seeks critical information about the effects of that action which the public should have before this final agency action occurs.

30. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits.  5 U.S.C. § 552(a)(6)(C)(i).  Having fully exhausted its administrative remedies for its September 6, 2016 FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by the FOIA.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

31. Plaintiff incorporates the allegations in the preceding paragraphs.

32. Defendant's failure to reach a determination on Plaintiff's FOIA Request No. EPA-HQ-2016-009994 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the EPA's regulations promulgated thereunder, 40 C.F.R. § 2.100 *et. seq.*

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i.    Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii.   Issue a permanent injunction directing Defendant to immediately disclose to Plaintiff all wrongfully withheld records;

iii.  Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv.   Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.    Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on October 24, 2016,

_\_\_/s/ Laura Dumais_____
Laura Dumais, DC Bar # 1024007
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337

*Counsel for Plaintiff*